IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **DAVID LOPEZ ALZUARTE**, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BROWN BROTHERS ASPHALT & CONCRETE, LLC, RAPID MATERIAL TRANSPORT, LLC**<br><br>Defendants. | Case No. 1:25-cv-639<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

**CLASS ACTION COMPLAINT**

David Lopez Alzuarte ("Plaintiff" or "Lopez"), individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Brown Brothers Asphalt & Concrete, LLC, and Rapid Material Transport, LLC, ("Defendants"), by way of this Class Action Complaint, alleging as follows:

**NATURE OF THE ACTION**

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on his own behalf and on behalf of the other similarly situated persons against Defendants, his employer for WARN Act purposes.

**NATURE OF THE ACTION**

2. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff

1

individually and on behalf of the other similarly situated persons against Defendants, his employers for WARN Act purposes.

3. Defendants operate a manufacturing plant located at 9190 Monaco Street, Henderson, CO ("Facility"), where Plaintiff and those he seeks to represent worked.

4. Within 90 days of December 6, 2024, upon information and belief, Defendants abruptly terminated several groups of employees, unilaterally and without proper notice to employees or staff, terminating over 50 employees and at least 33% of active full-time employees, including Plaintiff, at the Facility.

5. Plaintiff was terminated on December 6, 2024, as part of a mass layoff. He was notified on December 2, 2024, that he would be laid off.

6. Plaintiff brings this action on behalf of himself and other similarly situated former employees who worked for Defendants and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by Defendants on or around December 6, 2024 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendants, as required by the WARN Act.

7. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

10. At all times herein relevant, the Representative Plaintiff was and is a member of the Nationwide class (as defined below)

11. Plaintiff David Lopez Alzuarte is a citizen of the United States and resident of Adams County, Colorado. Plaintiff Lopez was employed by Defendants at all relevant times at the Facility. He was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). He was terminated without cause and did not receive 60 days' notice of his termination.

12. Defendant Brown Brothers Asphalt and Concrete, LLC is incorporated in Colorado, registered to do business in Colorado, with a corporate headquarters located at 9109 Monaco Street, Henderson, CO 80640. As registered with the Colorado Secretary of State, Defendant may be served via its registered agent, Shawn Bartlett, 9109 Monaco Street, Henderson, CO 80640.

13. Defendant Rapid Material Transport, LLC, is incorporated in Colorado, and has registered with the Colorado Secretary of State. Defendant may be served via its registered agent, Shawn Barrett, 9190 Monaco Street, Henderson, CO 80640.

14. Upon information and belief, Defendants conducted business in this district and, at all relevant times, operated the facilities where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

15. Defendants made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating over 50 employees and at least one-third of the workforce.

## FACTS

16. On or around December 6, 2024, Defendants terminated 121 employees at the

Facility.

17.     Defendant Rapid Material Transport, LLC upon information and belief, is a wholly owned subsidiary of Defendant Brown Brothers Asphalt & Concrete, LLC.

18.     Defendant Rapid Material Transport, LLC and Defendant Brown Brothers Asphalt & Concrete, LLC, share common officers.

19.     Defendant Rapid Material Transport, LLC and Defendant Brown Brothers Asphalt & Concrete, LLC, share common personnel policies.

20.     Defendant Brown Brothers Asphalt & Concrete, LLC., retained full control over Rapid Material Transport, LLC, and collectively, the entities directed the termination of employees here, including Plaintiff.

21.     Defendant Rapid Material Transport, LLC's operations are part and parcel to Defendant Brown Brothers Asphalt & Concrete, LLC's operation, which directly derives revenue from Rapid Material Transport, LLC's operations.

22.     Under 20 C.F.R. § 639.3, Defendant Rapid Material Transport, LLC and Defendant Brown Brothers Asphalt & Concrete, LLC, constitute a single employer and/or joint employer.

23.     Until December 2, 2024, upon information and belief, the Facility was running as usual and employees had no indication that Defendants intended to reduce the workforce.

24.     On or about December 2, 2024, Defendants informed a group of employees, including Plaintiff, at the Facility, that their jobs would be terminated on December 6, 2024.

25.     Defendants did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq*. even though it planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

26. Upon information and belief, no circumstances existed that would have permitted Defendants from reducing the notification period as provided in 29 U.S.C. § 2102(b).

27. By failing to provide its affected employees who were temporarily or permanently terminated on or around December 6, 2024, with proper WARN Act Notices and other benefits, Defendants acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## **CLASS ACTION ALLEGATIONS**

28. Plaintiff brings this WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of December 6, 2024.

29. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiff is a member of the class, and the claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

      d.   Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

30.   Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

31.   Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

32.   Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

**COUNT I**
**VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101,** *et seq.*
**(WARN Act)**
(*On behalf of Plaintiff and the putative class*)

33.   Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

34. Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1). Collectively, they operate as a single entity and/or joint employers, within the meaning of 20 C.F.R. § 639.3.

35. Plaintiff and those he seeks to represent was at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

36. The December 6, 2024, terminations at the Facility, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. The ongoing terminations, occurring within any 90 day period, may be aggregated. 29 U.S.C. § 2102(d).

37. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as their home base, the place from which work was assigned, and the place to which they reported for work.

38. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

39. On information and belief, Defendants did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those he seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendants give proper written notice to the Colorado Department of Labor, or to the chief elected

official of the local government within which the mass layoff was ordered. Upon information and belief, as of this filing, Defendants have still failed to provide the requisite notice.

40. Defendants violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about April 19, 2024.

41. As such, Plaintiff and those he seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

42. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

43. Moreover, Defendants' violations of the WARN Act were not in good faith, and Defendants have no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and counsel of record as Class Counsel.

2. A declaration that Defendants violated the WARN Act;

3. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by

Plaintiff and those he seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendants' violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendants and in favor of Plaintiff and those he seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendants for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated: February 26, 2025

Respectfully submitted,

By: */s/ Raina C. Borrelli*
    Raina C. Borrelli
    Samuel J. Strauss*
    **STRAUSS BORRELLI PLLC**
    One Magnificent Mile
    980 N Michigan Avenue, Suite 1610
    Chicago IL, 60611
    Telephone: (872) 263-1100
    Facsimile: (872) 263-1109
    raina@straussborrelli.com
    sam@straussborrelli.com

    J. Gerard Stranch, IV (TN BPR #23045)
    Michael C. Iadevaia (TN BPR # 41622)
    **STRANCH, JENNINGS, & GARVEY, PLLC**

223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Lynn A. Toops*
Ian Bensberg*
**COHENMALAD**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

*Pro Hac Vice forthcoming*

*Counsel for Plaintiff and the Proposed Class*

10